IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

CRYSTAL PHILLIPS, as administrator
of the Estate of Charles Harriston
Ezekiel Matthew, Deceased,

                         *Plaintiff*

vs.                 No. CV-2010-639-3

GRAOCH ASSOCIATES #55 LIMITED
PARTNERSHIP and JUDY GOSSETT,

                         *Defendants*

FILED 2010 DEC 13 PM 4:07

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff, Crystal Phillips (Phillips), as administrator of the *Estate of Charles Harriston Ezekiel Matthew, Deceased*, for her cause of action against Graoch Associates #55 Limited Partnership, (Graoch), states:

### A. Parties

1.   *Plaintiff* - Plaintiff, Crystal Phillips (Phillips), is the mother of Charles Harriston Ezekiel Matthew and the duly appointed and serving administrator of the *Estate of Charles Harriston Ezekiel Matthew, Deceased*, an administration pending in Miller County, Arkansas. Phillips is a resident of Miller County, Arkansas.

2.   *Defendant* - Defendant, Graoch Associates #55 Limited Partnership, (Graoch), is a limited partnership formed in the State of Washington which does business and owns real property in Miller County, Arkansas. Graoch's corporate status as a foreign corporation was revoked on December 31, 2009, by the Arkansas Secretary of State. Therefore, Graoch is no longer registered to do business in the State of Arkansas. Regardless, service can be achieved through its registered agent for service of process: The Corporation Company at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3.   *Defendant* - Defendant, Judy Gossett, is a natural person and resident of Texarkana, Miller County, Arkansas. She can be served at her onsite residence at 4303 County Avenue, Apt. 108, Texarkana, Arkansas 71854-1481.

### B. Jurisdiction & Venue

4.   *Jurisdiction* - This Court has jurisdiction because the events, acts and omissions

giving rise to this action occurred in Miller County, Arkansas and the damages resulting from these events occurred in the State of Arkansas. Additionally, the Plaintiff is an Arkansas resident. Finally, the Defendant does business and owns real property in Miller County, Arkansas.

5. *Venue* - Venue is appropriate in Miller County, Arkansas because the events, acts and omissions giving rise to this action occurred in Miller County, Arkansas. *See* ARK. CODE § 16-60-112 or 16-55-213. The Plaintiff is a resident of Miller County, Arkansas. The estate of the deceased is pending in Miller County, Arkansas. Finally, Defendant Gossett is a resident of Miller County, Arkansas, and Defendant Graoch does business and owns real property in Miller County, Arkansas.

### C. Basic Facts

6. Fox Creek Apartments is an apartment complex in Texarkana, Miller County, Arkansas, owned by Defendant Graoch Associates #55 Limited Partnership. Judy Gossett was the resident manager of Fox Creek Apartments at the time of the incident.

7. Charles Harriston Ezekiel Matthew (Matthew) was a fifteen year old minor between his freshman and sophomore years in high school. Matthew was at the Fox Creek Apartments pool with his siblings as guests of a resident on August 5, 2010. He entered the shallow end of the pool. Due to the excessive slope of the pool floor, Matthew unexpectedly found himself in water over his head. He struggled to get his face above the water and desperately thrashed his arms reaching for a lifeline, which in the exercise of due care, should be present as a safety device available to swimmers who unexpectedly find themselves in deep water. Defendants had failed to provide this mandatory safety device, and as a result Matthew went under water and lost consciousness. He was extracted from the pool after being under water for some time. As a result of this incident, Matthew suffered catastrophic brain damage.

8. Matthew died on August 9, 2010, in Little Rock, Pulaski County, Arkansas as a direct result of the catastrophic brain injury received at the Fox Creek Apartments on August 5, 2010.

### D. Negligence

9. All other paragraphs of this petition are incorporated herein.

10. Graoch's agents and/or employees, including but not limited to Judy Gossett, owed a duty to Matthew to exercise reasonable care. Graoch's agents and/or employees breached the duty owed to Matthew by negligently designing, building, operating and maintaining the pool and pool area which include, but are not limited to, excessive slope of the pool floor, lack of signage and the lack of a lifeline. As a direct and proximate result of Graoch's agents' or employees' conduct described herein, Matthew suffered catastrophic brain injury resulting in his death. Damages which were proximately caused by Matthew's injury and death are set forth in section F. Damages *(Ad Damnum)* below.

11. Graoch is liable for the damages proximately caused to Matthew by the conduct of its agents and employees, including but not limited to Judy Gossett, in that they were agents or employees of Graoch on the date of the incident and were acting in the course and scope of that employment when the actions took place[1].

### E. Gross Negligence/Reckless Indifference

12. All other paragraphs of this petition are incorporated herein.

13. Graoch knew or should have known, in the light of the surrounding circumstances, that its conduct would naturally or probably result in injury and that it continued such conduct in the reckless disregard of the consequences from which malice can be inferred.

### F. Negligence Per Se

14. All other paragraphs of this petition are incorporated herein.

15. Graoch's actions violated the *Arkansas Code*, Title 20: *Public Health and Welfare*, Subtitle 2: *Health and Safety*, Chapter 30: *Swimming Pools*, section 20-30-103 which bestows

---

[1] This *respondeat superior* allegation will not be reasserted under each cause of action; rather, Graoch as the responsible party, will be referred to directly to prevent redundancy.

rule-making authority on the Division of Health of the Department of Health and Human Services and the *Rules and Regulations Pertaining to Swimming Pools and Other Related Facilities*. More specifically, the violations include, but are not limited to, that the pool slope exceeds the maximum slope restrictions [*Rules and Regulations Pertaining to Swimming Pools and Other Related Facilities* §VIII(C)(1)], violates the ladder requirements [*Rules and Regulations Pertaining to Swimming Pools and Other Related Facilities* §VIII(I)] and violates the lifeline requirement [*Rules and Regulations Pertaining to Swimming Pools and Other Related Facilities* § XX Safety (H)(2) "Lifeline. All pools in which the maximum pool depth exceeds five (5) feet, six (6) inches, shall install a lifeline located at or before the five (5) feet depth area(s) separating the shallow area(s) and the deep area(s) . . . The lifeline shall be maintained in good condition. Connections for lifeline shall be recessed in the walls at appropriate locations, and in a manner which presents no hazard to swimmers . . . ."] Because of this/these violations, Defendants are guilty of negligence *per se*.

16. Graoch's actions violated The City of Texarkana, Arkansas, Municipal Code section 7.2 which adopts the 1994 Edition, with 1978 revisions, of the Swimming Pool Code, as recommended by the Southern Standard Building Code Congress International. More specifically, the violations include, but are not limited to, that the pool slope exceeds the maximum slope restrictions, violates the ladder requirements, violates the sign location requirements and violates the lifeline requirements. Because of this/these violations, Defendants are guilty of negligence *per se*.

### G. Wrongful Death and Loss of Life

17. All other paragraphs of this petition are incorporated herein.

18. The described acts of Graoch were the proximate cause of the accident. Matthew died on August 9, 2010, as a proximate result of the accident and the injuries resulting to him. He was 15 years old at the time of his death with a normal reasonable life expectancy. He was in good health and contributing to his family. Matthew was looking forward to the enjoyment of a long

and fruitful life. Decedent was unmarried and without children and was survived by his two parents and siblings, each of whom have suffered and will continue to suffer mental anguish by reason of his death.

### H. Survival

19. All other paragraphs of this petition are incorporated herein.

20. As a proximate result of the occurrence on August 5, 2010 made the basis of this suit, Matthew suffered catastrophic brain injury resulting in extensive medical care, a period of conscious pain and suffering, and eventually death on August 9, 2010. Therefore, damages arose in the nature of liability for medical expenses, Matthew's conscious pain and suffering, and reasonable and customary charges for funeral and burial.

### I. Damages (*ad damnum*)

21. All other paragraphs of this petition are incorporated herein.

22. As a result of the actions described herein, Charles Harriston Ezekiel Matthew died unnecessarily. Phillips and the Decedent's siblings suffered severe injuries. As a result of Defendants' actions, Matthew, Phillips and the Decedent's siblings suffered the following damages:

    a. physical pain and suffering and mental anguish of Matthew prior to his death;

    b. medical expenses arising from the catastrophic brain injury suffered by Matthew;

    c. funeral expenses;

    d. loss of Matthew's life (ARK. CODE § 16-62-101)

    e. pecuniary injuries sustained by Decedent's wrongful death statutory beneficiaries including Phillips and Decedent's siblings;

    f. mental anguish and grief;

g.  loss of companionship and society suffered by Decedent's wrongful death statutory beneficiaries which include Phillips and the Decedent's siblings;

### J. Exemplary Damages

23. All other paragraphs of this petition are incorporated herein.

24. The negligence of Graoch described above was of such a character as to make Graoch guilty of gross negligence. The conduct of Graoch, viewed objectively from the standpoint of Graoch at the time of its occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others. Moreover, Graoch engaged in the conduct with conscious indifference to the rights, safety, or welfare of others, despite Graoch's actual, subjective awareness of the risk involved. Graoch knew or ought to have known, in the light of the surrounding circumstances, that its conduct would naturally or probably result in injury and that it continued such conduct in the reckless disregard of the consequences from which malice can be inferred. Graoch's actions were willful and wanton in disregard of the rights and safety of others. Phillips seek exemplary damages that may be found to be proper under the facts and circumstances.

### K. Unconstitutionality of Civil Justice Reform Act of 2003

25. All other paragraphs of this petition are incorporated herein.

26. Pleading further, Plaintiff seeks and prays that this court find that the Civil Justice Reform Act of 2003 is unconstitutional as it might affect her rights in this matter. Said act is a violation of the Arkansas Constitution in the following manners:

(a) Article V, Section 32 precluded the legislature from passing any law limiting the amount to be recovered for injuries resulting in death or for injuries to person or property;

(b) Article II, Sections 4, 8 and 21 which guarantee fair and equal treatment in the Courts;

(c) Article II, Sections 3 and 18 which guarantee a remedy at least equivalent to the established by common law; and

(d) Article II, Section 18 which bars the legislature from granting any special immunities.

## L. Prayer

WHEREFORE, Phillips requests that Graoch be cited to appear and answer, and that on final trial, Phillips have judgment against Graoch for:

a. actual damages as determined by the trier of fact;

b. exemplary damages as determined by the trier of fact;

c. pre-judgment and post-judgment interest as allowed by law;

d. costs of suit; and

e. such other and further relief to which Phillips may be justly entitled.

Respectfully submitted,

*Miller, James, Miller & Hornsby, L. L. P.*

By: _____
Troy Hornsby
Arkansas Bar No. 95169

1725 Galleria Oaks Drive - P.O. Box 2044
Texarkana, Texas 75504-2044
(903) 794-2711, fax (903) 792-1276

Attorney for Crystal Phillips, Administrator of the *Estate of Charles Harriston Ezekiel Matthew, Deceased*