					IN THE UNITED STATES DISTRICT COURT
					   WESTERN DISTRICT OF ARKANSAS
						 TEXARKANA DIVISION

CRYSTAL PHILLIPS, as administrator
of the Estate of Charles Harriston
Ezekiel Matthew, Deceased                                         PLAINTIFF

v.                          No. 4:11-CV-04003

GRAOCH ASSOCIATES #55 LIMITED
PARTNERSHIP, and JUDY GOSSETT                                    DEFENDANTS

## ORDER

Currently before the Court are the Plaintiff's Motion to Remand (Doc. 7) and supporting documents, Defendants' Response (Doc. 9) and supporting documents, and Plaintiff's Reply (Doc. 11). Plaintiff argues that this Court does not have jurisdiction over this lawsuit because Plaintiff and Separate Defendant Judy Gossett are citizens of Arkansas and therefore not diverse. Defendants argue that Plaintiff fraudulently joined Ms. Gossett as a Defendant to improperly defeat diversity jurisdiction. For the reasons reflected herein, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED.**

**I.  Discussion**

On August 9, 2010, Crystal Phillips' fifteen year old son died as a result of a catastrophic brain injury he received in a swimming pool at the Fox Creek apartment complex located in Texarkana, Arkansas on August 5, 2010. On December 13, 2010, Plaintiff, the administrator of the child's estate, filed suit in state court against the owner of the apartment complex, Graoch Associates #55 Limited Partnership and the apartment manager, Judy

Gossett. Both Plaintiff and Separate Defendant Judy Gossett are citizens of Arkansas. Plaintiff alleges that Defendants negligently designed, built, operated, and maintained the pool and pool area, and, as a result of the alleged negligence, the child suffered catastrophic brain injury resulting in his death. Defendants filed their Notice of Removal on January 11, 2011, alleging fraudulent joinder of Ms. Gossett to defeat federal diversity jurisdiction. Plaintiff filed her Motion to Remand on January 24, 2011.

Generally, "federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Aldiner v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d. 276 (1976). Federal courts must strictly construe the federal removal statute, and resolve all doubts about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). An action may be removed to federal court only if it presents a federal question or if diversity jurisdiction exists. 28 U.S.C. § 1441. "As the party seeking removal and opposing remand, [defendant] has the burden of establishing federal subject matter jurisdiction." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *In re: Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Defendants assert that the joinder of Separate Defendant

Gossett was "improper or fraudulent, in order to defeat diversity." (Doc. 9). Joinder is fraudulent and removal is proper "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Menz v. New Holland N. Am., Inc.* 440 F.3d 1002, 1004 (8th Cir. 2006); *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). *See also In re Prempro Products Liability Litigation*, 591 F.3d 613 (8th Cir. 2010). Courts review fraudulent joinder challenges to determine "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). The relevant inquiry in analyzing fraudulent joinder focuses on whether a plaintiff "might" have a "colorable" claim under state law against a fellow resident. *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007).

Plaintiff asserted a negligence claim against Ms. Gossett based on an agency relationship with the other Defendant, Graoch Associates #55, Limited Partnership. Generally, Arkansas law imposes liability upon parties shown to be negligent in their acts or omissions if damages result as a proximate cause of the negligence. Paragraph 10 of Plaintiff's Complaint alleges that "Graoch's agents and/or employees, including but not limited to Judy Gossett", breached their duty to the child by "negligently designing, building, operating and maintaining the pool and pool

area" which caused the death of the child.

The allegations contained in the Plaintiff's complaint are sufficient to state a cause of action for negligence against Ms. Gossett upon which liability could result. Although Plaintiff's complaint is not as artful as it might have been, the Court finds that there is a reasonable basis in fact and law supporting a claim against Ms. Gossett. *See Junk v. Terminex Intern. Co.*, 628 F.3d 439 (8th Cir. 2010). The Court has no difficulty predicting that an Arkansas court might impose liability on Ms. Gossett based on the allegations contained in the complaint.

## II. Conclusion

It is the finding of this Court that Judy Gossett, a citizen of Arkansas, is properly joined as a defendant in the instant case. Accordingly, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED.** This case shall be remanded forthwith to the Circuit Court of Miller County, Arkansas.

**IT IS SO ORDERED** this 19th day of July, 2011.

*/s/ Paul K. Holmes, III*
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**